```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL LEE KASHER,                  )
                                    )  Civil Action
                Petitioner          )  No. 05-CV-6240
                                    )
      vs.                           )
                                    )
EDWARD J. KLEM                      )
THE DISTRICT ATTORNEY OF BERKS      )
  COUNTY, PENNSYLVANIA, and         )
THE ATTORNEY GENERAL OF THE         )
  STATE OF PENNSYLVANIA             )
                                    )
                                    )
                Respondents         )
```

O R D E R

NOW, this 20th day of December, 2007, upon consideration of the following documents and pleadings:

    1)    Petition for Writ of Habeas Corpus, filed by petitioner pro se in the United States District Court for the Eastern District of Pennsylvania on December 2, 2005;

    2)    Answer to the Petition for Writ of Habeas Corpus, which opposition was filed by respondents on April 3, 2006;

    3)    Kasher's Reply to Respondents District Attorney and Adult Probation and Parole of Berks County, which response was filed on May 15, 2006;

    4)    Report and Recommendation of United States Magistrate Judge M. Faith Angell filed February 27, 2007;

    5)    Petitioner's Objections to Magistrate's Report and Recommendation, which objection was filed April 13, 2007,[1]

---

[1] Petitioner has raised three objections to the Report and Recommendation. All three objections relate to the timeliness of his petition for habeas corpus relief.

(Footnote 1 continued):

it appearing that petitioner's Petition for Writ of Habeas Corpus is without merit; it further appearing that, after de novo review of this matter, Magistrate Judge Angell's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that the Report and Recommendation of United States Magistrate Judge M. Faith Angell is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that petitioner's objections to the Report and Recommendation are overruled.[2]

---

(<u>Continuation of footnote 1</u>):

      First, petitioner avers that the his petition for habeas corpus was timely because the limitations period was tolled during the pendency of his state post-conviction proceedings (which were initiated by filing a petition for habeas corpus in state court).  Second, petitioner contends that the predicate facts exception to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, tolled his federal habeas limitations period.  Third, petitioner asserts that his petition is not time-barred because the deadline to assert his claims has been equitably tolled.

    [2]    When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

      Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

      I have considered petitioner's three objections to the Report and Recommendation and I conclude his objections are without merit.  Moreover,

(<u>Footnote 2 continued</u>):

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief filed December 2, 2005 is dismissed without an evidentiary hearing.

IT IS FURTHER ORDERED that because petitioner fails to

---

(Continuation of footnote 2):

upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determined the legal issues raised by petitioner.

As Magistrate Judge Angell correctly concluded, the merits of petitioner's pro se petition for habeas corpus relief need not be considered because his claims are time-barred. Petitioner had until April 24, 1997 to file his petition for habeas corpus, one year after the Antiterrorism and Effective Death Penalty Act of 1996 was signed into law. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); 28 U.S.C. § 2244(d)(1)(A).

Petitioner's first challenge to his conviction was his pro se Petition for Writ of Habeas Corpus filed on September 15, 1997. This petition was incorrectly filed in the Court of Common Pleas of Berks County, Pennsylvania and was over four months past the April 24, 1997 deadline to file a timely petition. Petitioner's two petitions for post-conviction collateral relief under the PCRA, filed on August 3, 1998 and August 12, 2004, respectively, were also both untimely. Thus, none of petitioner's post-conviction challenges statutorily tolled his deadline to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 678-679 (2005).

Magistrate Judge Angell also correctly concluded that petitioner has not demonstrated the requisite extraordinary circumstances or the reasonable diligence required for equitable tolling to preserve his claims. See Merrit v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003)(internal citation omitted). As explained below, petitioner's objection regarding equitable tolling to the Report and Recommendation is without merit and is merely a re-hash of arguments presented to Judge Angell.

Petitioner claims that he did not know the basis for his claim because he did not receive his Pre-Sentence Investigation Report ("PSI") within a reasonable time after his sentencing. Based upon this alleged delay, petitioner asserts that he has demonstrated that he has in some extraordinary way been prevented from asserting his rights and that his deadline to file should be tolled. However, petitioner was sent his sentencing transcript (which included the alleged impermissible references to the PSI) on August 26, 1994, a date well in advance of the expiration of the statute of limitations on April 24, 1997. Therefore, petitioner had a sufficient opportunity to learn the information pertinent to his claim years before his deadline to file a timely petition had expired. Thus, equitable tolling does not apply.

Accordingly, I approve and adopt Magistrate Judge Angell's Report and Recommendation and overrule petitioner's objections.

demonstrate denial of a constitutional right a certificate of appealability is denied.

      IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

                                    BY THE COURT:

                                    /s/ James Knoll Gardner
                                    James Knoll Gardner
                                    United States District Judge