IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL LEE KASHER,                )
                                  )    Civil Action
                    Petitioner    )    No. 05-CV-6240
                                  )
        vs.                       )
                                  )
EDWARD J. KLEM;                   )
THE DISTRICT ATTORNEY OF BERKS    )
  COUNTY, PENNSYLVANIA; and       )
THE ATTORNEY GENERAL OF THE       )
  STATE OF PENNSYLVANIA,          )
                                  )
                                  )
                    Respondents   )


*    *    *


MEMORANDUM OPINION


JAMES KNOLL GARDNER,
United States District Judge


        This matter is before the court on the Petition for
Writ of Habeas Corpus filed by petitioner Daniel Lee Kasher pro se
seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.
When he filed his petition, Mr. Kasher was a state prisoner,
incarcerated at the State Correctional Institution in Mahanoy,
Pennsylvania, where he was serving a five to twenty year sentence,
to be followed by ten years of probation, for attempted murder and
other related offenses.[1]

        In her Report and Recommendation ("R&R"), United States
Magistrate Judge M. Faith Angell recommended that Mr. Kasher's

---

        [1]    See the Report and Recommendation dated and filed February 27,
2007 by United States Magistrate Judge M. Faith Angell, at page 1.

petition be denied and dismissed as time-barred.  She further recommended a finding that there is no probable cause to issue a certificate of appealability.  Petitioner timely filed objections to the Magistrate Judge's R&R.

On December 20, 2007 I filed an Order approving and adopting the Magistrate's R&R.  In the Order I also overruled petitioner's objections to the R&R and dismissed his petition without an evidentiary hearing.  Because I concluded that petitioner failed to demonstrate denial of a constitutional right, I denied a certificate of appealability.  Finally, I directed the Clerk of Court to mark this matter closed for statistical purposes.

On January 8, 2008 petitioner filed a timely Notice of Appeal from my December 20, 2007 Order overruling petitioner's objections to the R&R.  Hence this Memorandum Opinion.

The footnotes to my December 20, 2007 Order contain my reasons and analysis in support of my Order, and I incorporate those reasons and that analysis here.  Accordingly, familiarity with the factual and procedural background of this case is assumed.

This Memorandum Opinion is offered to supplement my December 20, 2007 Order.  Specifically, this Memorandum Opinion clarifies and amplifies my disposition of the equitable tolling issue in my December 20th Order.

In his pro se petition for habeas corpus relief filed December 2, 2005, petitioner raises two arguments regarding his claimed entitlement to federal habeas corpus relief.  First, petitioner claims that in violation of his federal constitutional rights, he received his Pennsylvania Pre-Sentence Investigation Report ("PSI") four years after his Pennsylvania sentence was imposed.  Second, petitioner avers that the terms of his guilty plea were violated by imposition of a new condition of probation or parole.  Specifically, petitioner contends that the Office of the Pennsylvania Board of Probation and Parole violated the terms of his guilty plea by requiring him to undergo sex offender treatment.

In his objections to the Report and Recommendation, petitioner argues that the combination of his failure to receive his PSI in a timely manner after sentencing and the sentencing court's reliance on the PSI together should equitably toll the time in which he may challenge the alleged "new" condition of his sentence (that is, sex offender treatment).

However, as expressed in my December 20, 2007 Order, neither petitioner's alleged late receipt of his PSI, nor his alleged discovery that he was required to undergo sex offender treatment as a condition of probation or parole serves to equitably toll the time period in which he may file a petition for habeas corpus.

-3-

The United States Court of Appeals for the Third Circuit has held that equitable tolling is appropriate in four narrow circumstances:  (1) defendant actively misled plaintiff; (2) plaintiff in some extraordinary way was prevented from asserting his rights; (3) plaintiff timely asserted his rights mistakenly in the wrong forum; or (4) claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled plaintiff into believing that he had done everything required of him. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1998).

The doctrine of equitable tolling is to be invoked "only sparingly".  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  Significantly, before equitable tolling will be applied, a petitioner must demonstrate the exercise of reasonable diligence in investigating and pursuing one's claim.  See Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998).

Petitioner had notice of the bases for all his claims significantly before the deadline to file his petition for habeas corpus lapsed.  Therefore, petitioner has not demonstrated the requisite diligence and is not entitled to equitable tolling.

-4-

Although petitioner allegedly received his PSI four years after he was sentenced,[2] this late receipt neither constitutes a basis for equitable tolling nor an independent basis for federal habeas corpus relief.  The transcript of petitioner's sentencing hearing indicates that he was aware of the existence of the PSI at his sentencing hearing.[3]

At his sentencing hearing, petitioner affirmatively stated that he had reviewed the contents of the PSI with his counsel.[4]  Thus, as early his February 24, 1989 sentencing, petitioner was aware of the PSI and the sentencing court's reliance on it.

The record also reflects that petitioner was sent his sentencing transcript on August 24, 1994, more than two-and-a-half years before his deadline to file a petition for writ of habeas corpus expired on April 24, 1997.  In the event petitioner had somehow not realized that the trial court had reviewed the PSI before his sentencing, it should have been clear to him upon review of the sentencing transcript.  Therefore, petitioner

---

[2]    Although the state court record does not reflect whether or when petitioner received his PSI, petitioner has consistently taken the position that he received his PSI four years after his sentence was imposed.  See Petition for Writ of Habeas Corpus, filed by petitioner pro se in the United States District Court for the Eastern District of Pennsylvania on December 2, 2005, at pages 9-10.

[3]    Notes of Testimony of sentencing hearing conducted in Reading, Pennsylvania on February 24, 1989, styled "Transcript of Sentencing Hearing Before The Honorable Grant E. Wesner, Senior Judge", at page 5.

[4]    Id.

possessed the requisite information to file his petition nearly three years before his deadline to file a timely petition had expired.

Petitioner's argument that he needed the PSI in order to know that he was required to undergo sex offender treatment (the second basis of his petition) does not serve to equitably toll his deadline to file a petition.  The PSI was not made a part of the state court record.  However, as explained below, petitioner had notice of this alleged additional condition of sentence significantly before the deadline to file his petition for writ of habeas corpus had passed.

Moreover, even if petitioner had never received his PSI (which petitioner himself does not argue), "absent some constitutional violation, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." Rodriquez v. Nish, Civ.A.No. 06-2662, 2007 WL 1774659, at *4 (E.D.Pa. June 18, 2007)(Schiller, J.)(adopting the Report and Recommendation of United States Magistrate Judge David R. Strawbridge).

Thus, petitioner's failure to timely receive his PSI does not serve as a basis for equitably tolling his deadline to file a petition for writ of habeas corpus.  Petitioner was aware of the PSI (as well as its contents) prior to his sentencing and he received his sentencing transcripts (including any

-6-

impermissible references to the PSI) multiple years before his deadline to file a timely petition expired.

Petitioner's second equitable tolling argument also fails with regard to his claim that a new condition of sentence was impermissibly added by the Pennsylvania Board of Probation and Parole. Petitioner again has not shown the requisite diligence.

As reflected in petitioner's post-conviction pleadings and the documents attached thereto, petitioner was aware that he was required to undergo sex offender treatment as early as August 31, 1992.[5]  Additionally, on June 15, 1993 petitioner was officially informed by the Pennsylvania Board of Probation and Parole that he was required to attend sex offender treatment.[6]

Thus, the imposition of sex offender treatment as a condition of sentence does not serve as a basis for equitably tolling petitioner's deadline to file a petition for writ of habeas corpus. Petitioner was aware that he was required to undergo sex offender treatment over four years before his deadline to file a petition lapsed on April 24, 1997.

<u>Conclusion</u>

For all the foregoing reasons, I approved and adopted the Report and Recommendation of Magistrate Judge Angell,

---

[5]     Appendix to Answer to Petition for Writ of Habeas Corpus, at A159.

[6]     Appendix to Answer to Petition for Writ of Habeas Corpus, at A169.

overruled petitioner's objections to the R&R, dismissed his petition without an evidentiary hearing, denied a certificate of appealability, and directed the Clerk of Court to mark the matter closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

January 22, 2008